UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL WILSON, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:13-CV-3076 |
| v. | : | |
| | : | (Judge Kosik) |
| JOHN KERESTES, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

Before this court are Plaintiff's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Thomas M. Blewitt. For the reasons which follow, the Court will adopt the R&R and remand to a Magistrate Judge for further proceedings.

**I. BACKGROUND**

On December 23, 2013, Plaintiff, Darrell Wilson, an inmate at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania ("SCI-Mahanoy"), filed the instant civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis*.[1] (Doc. 2.)

As the Magistrate Judge notes in the R&R, Plaintiff named eight Defendants that are being sued individually, and in their official capacities: John Kerestes, Superintendent; Mayer and Bisel, both Corrections Officers; Sharon Luquis, Hearing Examiner; John Muick, Correctional Unit Manager; John Corbacio, Correctional Activities Manager; Scott Miller,

---

[1] Plaintiff also filed an authorization to have funds deducted from his prison account (Doc. 3) and has made monthly payments.

Correctional Unit Manager; and Robin Lewis, Chief Hearing Examiner.

In his Complaint, Plaintiff includes three counts of "Retaliation, Denial of Free Access to the Courts and Filing False State Records" for misconducts that were filed against him between August 22, 2012 and September 17, 2012, as a result of an incident that occurred on August 9, 2012.  Plaintiff's Fourth Count is for "Violation of Due Process," stemming from the September 26, 2012 disciplinary hearing before Defendant Luquis, and the subsequent appeals.  Plaintiff also has a claim for mental and emotional distress.  Plaintiff's requested relief includes a declaratory judgment stating that the three misconduct reports were falsified; a declaratory judgment stating that the alleged actions of Defendants violated his constitutional rights; an injunction ordering expungement; compensatory and punitive damages; and any other relief to which he is entitled.

## II.  STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Since the Plaintiff filed an application to proceed *in forma pauperis*, the Magistrate Judge screened the Complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). The Complaint was screened using a motion to dismiss standard. Banks v. Cnty of Allegheny, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008). Under this standard, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (internal quotations omitted). Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

In the R&R, the Magistrate Judge screened Plaintiff's Complaint and recommended that: (1) any claim for compensatory or punitive damages against Defendants in their official capacities be dismissed with prejudice; (2) Plaintiff's First Amendment retaliation claim against Defendants Kerestes, Luquis, Muick, Corbacio, Miller, and Lewis be dismissed with prejudice; (3) Plaintiff's First Amendment right of access to the courts claim be dismissed with prejudice; (4) Plaintiff's Due Process claim against Defendants be dismissed with prejudice; and (5) Plaintiff's defamation of character claim for the alleged falsified misconduct reports be dismissed with prejudice.

Plaintiff makes two objections to the Magistrate Judge's R&R. First, Plaintiff objects to the Magistrate Judge's recommendation that the First Amendment retaliation claims against Defendants Luquis, Muick, Miller, Corbacio, Kerestes, and Lewis be dismissed with prejudice.

Second, Plaintiff objects to the Magistrate Judge's recommendation that the Fourteenth Amendment Due Process claims against Defendants Luquis, Muick, Miller, Corbacio, Kerestes, and Lewis be dismissed with prejudice. Plaintiff makes no objections to the Magistrate Judge's remaining recommendations.

**A.  Retaliation Claim**

In the first objection, Plaintiff argues that Defendants Luquis, Muick, Miller, Corbacio, Kerestes, and Lewis, violated his First Amendment right by approving and condoning the retaliatory acts of Defendants Mayer and Bisel. In the Complaint, Plaintiff alleges that Defendants retaliated against him for filing grievances in the past. Plaintiff also alleges that "Plaintiff and other Muslim prisoners have noticed that correctional officers have a long standing history, practice and procedure of targeting Muslim prisoners during the 'Fasting Month' of Ramadhan - by issuing falsified misconduct reports that places prisoners in solitary confinement." (Doc. 1, p. 6.)

To establish individual liability under § 1983, there must be personal involvement. A supervisor cannot be liable under § 1983, solely under the theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through "allegations of personal direction or of actual knowledge and acquiescence." Id. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. at 1208. "[P]articipation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." Tarselli v. Harkleroad, Civ. No. 10-1266, 2012 WL 603219, *5 (W.D. Pa. Feb. 23, 2012) (citing Rode, 845 F.2d at 1208 ("finding the filing of a grievance is not enough to show the actual knowledge necessary for personal

involvement"); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) ("holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying alleged unconstitutional conduct")).

In the seminal Third Circuit case, Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), the Third Circuit Court of Appeals set forth three requirements a prisoner-plaintiff must establish to state a prima facie claim of retaliation: (1) "the conduct which led to the alleged retaliation was constitutionally protected[;]" (2) "he suffered some 'adverse action' at the hands of the prison officials[;]" and (3) "his exercise of a constitutional right was a substantial or motivating factor in the challenged decision." Rauser, 241 F.3d 330 at 333-34 (citing Thaddeus-X v. Blatter, 175 F.3d 378, 386, 399 (6th Cir. 1999) (*en banc*); Allah, 229 F.3d at 225).

Here, we agree with the Magistrate Judge's finding that Plaintiff did not sufficiently allege a retaliation claim against Defendants Luquis, Muick, Miller, Corbacio, Kerestes and Lewis. Plaintiff alleged that Defendants Mayer and Bisel retaliated against him for filing grievances, yet Plaintiff did not assert that he filed grievances against Defendants Luquis, Muick, Miller, Corbacio, Kerestes and Lewis. We agree with the Magistrate Judge that the necessary causal connection for a retaliation claim is missing for these Defendants. Additionally, Plaintiff did not allege personal involvement for Defendants Luquis, Kerestes, and Lewis, as required for individual liability under § 1983, as his claim is based purely on the results of the disciplinary hearings and prison appeal process.

Therefore, we agree with the Magistrate Judge's recommendation that Plaintiff's First Amendment retaliation claim against Defendants Luquis, Muick, Miller, Corbacio, Kerestes and

Lewis should be dismissed with prejudice.  We also agree with the Magistrate Judge, that Plaintiff's First Amendment retaliation claim should proceed against Defendants Mayer and Bisel.

**B.  Due Process Claim**

Plaintiff's second objection is to the Magistrate Judge's recommendation that Plaintiff's Fourteenth Amendment Due Process claim against Defendants Luquis, Miller, Corbacio, Muick, Kerestes and Lewis be dismissed with prejudice.  Plaintiff bases his due process claims on the results of the disciplinary hearing and the administrative appeal process.

Plaintiff argues that Defendants denied him due process of law through his disciplinary hearing and misconduct appeals, because there was no evidence to support the charge of refusing to obey an order.  Plaintiff argues that although Defendants Miller, Muick, Corbacio, Kerestes and Lewis did not commit the due process violations, they became responsible for them when they failed to correct them in the course of their supervisory responsibilities and when they affirmed the Plaintiff's disciplinary conviction.  Plaintiff states in the Complaint, that the Defendants could have viewed the videotape, which would have substantiated Plaintiff's innocence to the charge in the misconduct.[2]  Plaintiff also complains that as a result of the Defendants' actions, he was transferred to segregated confinement for sixty-one days, "deprived of privileges, quality of life in his prison living condition, and loss of the limited liberty enjoyed by prisoners in the general population."  (Doc. 1, ¶ 72.)

The Fourteenth Amendment's Due Process Clause protects a person from the deprivation

---

[2] Plaintiff does note in his Complaint that Defendant Luquis did review the videotape.  (Doc. 1, ¶¶ 44, 63.)

of life, liberty, or property, without the due process of law.  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies . . . ." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  The United States Supreme Court has held that "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in Sandin v. Connor, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995)." Id. at 222.  The focus of the inquiry of whether there is a state-created liberty interest is the nature of the conditions "in relation to the ordinary incidents of prison life[,]" and not the language of prison regulations.  Id. (quoting Sandin, 515 U.S. at 485).

In the Complaint, Plaintiff sets forth the living conditions in segregated confinement, as compared to the those of the general population.  Plaintiff alleges that the differences in living conditions included the confiscation of his personal property and issuance of one of each item of clothing and personal hygiene items; the confinement to a cell for 23 hours a day; the allowance to only take three, ten minute showers a week while wearing state-issued canvas slip-on shoes that were not properly sanitized; the requirement to eat with the same state-issued spoon for breakfast, lunch and dinner, that was of lesser quality than the utensils provided to the general population; and the receipt of his personal property, including his legal materials, after two weeks.

We agree with the Magistrate Judge, who found that this court and other district courts in this district, have considered similar claims and found that placement into similar programs did not implicate an inmate's due process rights.  See Francis v. Dodrill, 04-CV-1694, 2005 WL 2216582 (M.D. Pa. Sept. 12, 2005) (finding that placement into the Special Management Unit

("SMU") to complete a program within twelve to eighteen months, with restrictions such as three showers a week, one telephone call per thirty days, personal hygiene products issued by staff, and five hours of recreation a week, did not impose an atypical and significant hardship); see also Meekins v. Beard, et al., 3:CV-06-0290, 2007 WL 675358 (M.D. Pa. Mar. 1, 2007) (finding that the conditions of confinement in the SMU, such as confinement for 15 ½ months; deprivation of nutritious meals; loss of access to communication with loved ones; denial of an exercise period for months; and the deprivation of the opportunity to be considered for parole, did not give rise to a protected liberty interest).  Thus, we find no merit to Plaintiff's objections.

### IV.  CONCLUSION

For the reasons set forth above, the Court will adopt the Magistrate Judge's recommendation and will dismiss Defendants Luquis, Muick, Miller, Corbacio, Kerestes, and Lewis, from the present action.  The Court has given reasoned consideration to the portions of the report to which the Plaintiff did not object, and we agree with the Magistrate Judge's recommendations.

Plaintiff's present action will be allowed to proceed as to his First Amendment retaliation claim against Defendants Mayer and Bisel.  Plaintiff's motion to proceed *in forma pauperis* will be granted.  An appropriate order is attached.