IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL WILSON, | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : (Judge Kosik) |
| | : (Magistrate Judge Saporito) |
| JOHN KERESTES, Superintendent, et al | : |
| | : |
| Defendants. | : No.: 3:13-cv-03076 |

MEMORANDUM

This is a *pro se* prisoner civil rights action which comes before the court on a motion by the plaintiff to compel discovery (Doc. 40). See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

I.  Background.

In his original complaint, plaintiff Darrell Wilson alleged the violation of his federal constitutional rights by eight defendants (Doc. 1). In particular, he asserted a First Amendment retaliation claim, a First Amendment access-to-courts claim, and a Fourteenth Amendment due process claim; he also asserted a state law defamation claim. (*See id.; see*

*also* Doc. 10; Doc. 14). On February 12, 2015, the court dismissed all claims against six of the eight named defendants, and all but the First Amendment retaliation claim against defendants Mayer and Bisel (Doc. 14; Doc. 15). On November 4, 2015, the plaintiff filed his motion to compel discovery seeking an order compelling defendant Mayer to fully answer interrogatories Nos. 5, 6, and 8.

A review of the record indicates that on October 1, 2015, the defendant Mayer, through counsel, forwarded his response to plaintiff's second interrogatories request. The interrogatories and answers which are the subject of the instant motion to compel are set out as follows:

> 5. Please disclose whether or not you are still assigned to work C/A block. If no, please explain why.
>
> **Response:** I was assigned to C/A Block until June, 2015. I then got reassigned to another unit.
>
> 6. Please disclose any disciplinary and/or administrative actions taken against you (e.g. counseling, reprimand warnings, reprimands, suspensions, and/or separations from other prisoners or co-workers by (PA DOC Officials and/or your Superior Officers at SCI-MAH, for any misconduct involving prisoners or co-workers at SCI-MAH.

>   **Response:** None.
>
> 8.  Please disclose any complaints and/or grievances filed against you by co-workers since your employment at SCI-MAH.
>
>   **Response:** None.

The plaintiff corresponded with counsel for the defendants on October 10, 2015 and informed counsel that he considered Mayer's responses to be untruthful and evasive. (Doc. 43-2). He gave Mayer an additional fourteen days to amend his responses. (Id.). On October 15, 2015, defense counsel responded to the plaintiff's correspondence stating that the responses provided were accurate and that there is no reason to believe that they were anything but truthful. (Doc. 43-3). In addition, the defendants provided a response to our November 19, 2015 (Doc. 44) order of court. (Doc. 49). In an affidavit attached to defendants' response, Jane Hinman, the assistant to the superintendent of the institution, stated that she contacted the Human Resources department to determine whether there was any record of any disciplinary action taken against Mayer concerning matters raised by the plaintiff's motion to compel discovery.

3

She stated no record exists in the personnel file of Mayer supporting any claim that he ever falsified misconduct complaints issued to an inmate, or that he was ever the subject of any formal or informal disciplinary action relating to the discharge of his duties concerning inmates or co-workers. (Doc. 49 at 6). In addition, Hinman further stated that upon review of the interrogatories propounded by the plaintiff and the responses provided by Mayer, the responses were not misleading, incomplete, or otherwise untruthful based on her investigation of the matter. The matter is now ripe for a decision.

II.     Discussion.

We begin our analysis with Fed. R. Civ. P. 26(b) which states, in pertinent part, as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b) (1). Also, Fed. R. Civ. P. 33(b)(3) requires that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

With respect to the response to Interrogatory No. 5, the question asked if Mayer was "still assigned to work C/A block." If the response was no, he was asked to explain. We find the response that he was assigned to C/A block until June, 2015 was tantamount to a "no" response. We further find his explanation adequate that he was "reassigned to another unit."

With respect to the responses to Interrogatories Nos. 6 and 8, Mayer stated he had no administrative or disciplinary action taken against him nor was he the subject of any complaints and/or grievances filed against him by co-workers. The plaintiff maintains that Mayer's responses were untruthful. The plaintiff is free to discover Mayer's personnel file and any record evidencing the existence of administrative or disciplinary action taken against Mayer or whether he was the subject of any grievances or complaints by co-workers. The plaintiff may also depose the other individuals (Heenan and Peters) he claims reported Mayer to his

supervisor. Mayer's responses were verified and if they are relevant at trial, Mayer is subject to impeachment if the plaintiff proves that his responses were false. Fed. R. Civ. P. 33(c).

We shall deny the plaintiff's motion to compel. An appropriate order follows.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: December 22, 2015