UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

DARRELL WILSON,       :
                      :
        Plaintiff,    :
                      :   CIVIL ACTION NO. 3:13-CV-3076
                      :
        v.            :   (Judge Kosik)
                      :
JOHN KERESTES, et al.,:
                      :
        Defendants.   :
_____

**MEMORANDUM**

Before the Court are Defendant Mayer's Objection to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Joseph F. Saporito, Jr. For the reasons which follow, the Court will adopt the R&R and will grant Defendants' Mostion for Summary Judgment as to Defendant Bisel and deny it as to Defendant Mayer.

**I. BACKGROUND**

*Pro se* plaintiff, Darrell Wilson, an inmate at the State Correctional Institution of Mahanoy, Frackville, Pennsylvania ("SCI - Mahanoy"), filed the instant civil rights action, pursuant to 42 U.S.C. § 1983, on December 23, 2014. (Doc. 1.) We dismissed some of the claims and defendants, but allowed the First Amendment retaliation claim against Defendants Mayer and Bisel to proceed. (Docs. 14 & 15.)

On August 12, 2015, Defendants filed a Motion for Summary Judgment (Doc. 26), and subsequently filed supporting documents (Docs. 27-29, 61.) Plaintiff filed a brief in opposition to Defendants' motion for summary judgment on January 25, 2016 (Doc. 60.) The Magistrate Judge issued an R&R on March 15, 2016 (Doc. 66), recommending that Defendants' motion for summary judgment be granted as to Defendant Bisel and denied as to Defendant Mayer. On March 31, 2016, Defendant Mayer filed an Objection to the Magistrate Judge's R&R (Doc. 67) and brief in support (Doc. 68). Plaintiff did not object to the R&R but filed a Response to Defendant's Objection (Doc. 69.)

## II. STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

We will also analyze Defendant's objection in light of the standard employed in resolving summary judgment motions. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes

demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). It then follows that summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III. DISCUSSION

In the R&R, the Magistrate Judge recommended that Defendants' motion for summary judgment should be granted in part and denied in part as follows: (1) summary judgment should be granted as to Defendant Bisel; and (2) summary judgment should be denied as to Defendant Mayer.

Defendant Mayer lodges an objection to the Magistrate Judge's R&R, denying his motion for summary judgment. Defendant makes no objections to the Magistrate Judge's remaining recommendations. In his objection, Defendant Mayer argues that the summary judgment motion should be granted and the remaining retaliation count dismissed, because Plaintiff was found guilty of a misconduct for failing to obey an order.

Plaintiff alleges in his Complaint that Defendants retaliated against him for filing grievances in the past. Plaintiff avers that the "correctional officers have a long standing history, practice and procedure of targeting Muslim prisoners during the 'Fasting Month' of Ramadhan - by issuing falsified misconduct reports that places prisoners in solitary confinement." (Doc. 1, Pl.'s Compl., at 6.) To this end, Plaintiff avers that on August 9, 2012, while in the medical department at SCI - Mahanoy to receive prescribed medication at the pill line, Defendant Mayer confronted Plaintiff about Plaintiff procuring water from an adjacent

water fountain as opposed to the water containers. (Doc. 1, Pl.'s Compl., at 5) Plaintiff averred that Defendant Mayer asked Plaintiff "what do you think you're doing? You can use the same water as everybody else! You're not fucking special because your (sic) Ramadan!" (Id.) Plaintiff further avers that Mayer knew him, stating "I know who he (Plaintiff) is. I know exactly who he is, don't I Wilson? He likes to file grievances and lawsuits on my buddies, ain't that right Wilson?" (Id.)

Defendant Mayer subsequently issued three sets of misconduct charges against Plaintiff for the August 9, 2012 incident. (Doc. 1, Pl.'s Compl., Ex. A-1, Aug. 9, 2012 charge, Ex. B-1, Aug. 22, 2012 charge, and Ex. C-1, Sept. 17, 2012 charge.) On August 9, 2012, Plaintiff was charged with: (1) assault; (2) threatening an employee or their family with bodily harm; (3) using abusive, obscene, or inappropriate language to an employee; and (4) refusing to obey an order as set forth in Exhibit A-1. These charges were dismissed without prejudice by the hearing examiner on August 20, 2012.

On August 22, 2012, Defendant Mayer issued a second set of misconduct charges against Plaintiff for the same August 9, 2012 incident. This time, the charges included: (1) threatening an employee or their family with bodily harm; (2) using abusive, obscene, or inappropriate language to an employee; and (3) refusing to obey an order as set forth in Exhibit B-1. These charges were also dismissed by the hearing examiner without prejudice on August 27, 2012.

On September 17, 2012, Defendant Mayer issued a third set of misconduct charges against Plaintiff for the same August 9, 2012 incident. In this third set listed in Exhibit C-1, Plaintiff was charged with: threatening an employee or their family with bodily harm and refusing to obey an order. The hearing examiner dismissed the charge of threatening an employee or their family with bodily harm and found Plaintiff guilty of failure to obey an order.

In the R&R, the Magistrate Judge found that Defendant Mayer was not entitled to summary judgment because Plaintiff "adduced sufficient evidence to demonstrate that his

several grievances and lawsuits against Mayer's 'buddies' were a substantial or motivating factor in Mayer's decision to issue three serial sets of misconduct charges" and that the plaintiff was penalized for exercising his First Amendment rights.

A prisoner-plaintiff must establish three requirements to state a *prima facie* claim of retaliation: (1) "the conduct which led to the alleged retaliation was constitutionally protected[;]" (2) "he suffered some 'adverse action' at the hands of the prison officials[;]" and (3) "his exercise of a constitutional right was a substantial or motivating factor in the challenged decision." Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir.2001).

If a plaintiff states a *prima facie* claim of retaliation, the burden then shifts to the defendant to prove that he or she "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). In adopting the burden shifting framework, the Third Circuit recognized the difficult task of prison administration, stating "courts should afford deference to decisions made by prison officials, who possess the necessary expertise." Rauser, 241 F.3d at 334.

In the instant case, we agree with the Magistrate Judge's finding that Plaintiff has presented sufficient evidence from which a reasonable jury could conclude that Defendant Mayer penalized Plaintiff for exercising his First Amendment rights.  Defendant Mayer argues that because Plaintiff was found guilty for failing to obey an order, it is a conclusive showing that Defendant Mayer has met his burden that he would have engaged in the same conduct anyway and therefore precludes Plaintiff's retaliation claim.  However, this argument fails to address the fact that all other charges were dismissed against Plaintiff.  Further, we agree that the grievances and lawsuits filed against Mayer's "buddies", the issuance of three differing sets of misconduct charges, as well as the video recording, is evidence that supports the denial of summary judgment as to Defendant Mayer.  We agree that Defendant Mayer has failed to satisfy his burden in this case, and we find that a dispute of material fact exists, which will require a credibility assessment by a jury to resolve.  Therefore, since there are disputed

material facts, we uphold and adopt the Magistrate Judge's R&R as to the retaliation claim against Defendant Mayer.

### IV. CONCLUSION

For the reasons set forth above, the Court will adopt the Magistrate Judge's recommendation, and we will grant summary judgment as to Defendant Bisel and deny summary judgment as to Defendant Mayer. The Court has given reasoned consideration to the portions of the report to which there are no objections, and we agree with the Magistrate Judge's recommendations.

Plaintiff's present action will be allowed to proceed as to his First Amendment retaliation claim against Defendant Mayer. An appropriate order is attached.